**HOUSER, County Treasurer, v. STATE ex rel.**

No. 6981—Opinion Filed May 23. 1916.

(157 Pac. 1050.)

**Taxation—Collection — Delinquency — Penalties.**

Where property previously omitted from assessment has been assessed for taxation pursuant to the provisions of article 11 of chapter 72, Rev. Laws of 1910, that article being what is commnly known as the "tax ferret" law, the penalty for the nonpayment of the taxes due thereon shall be calculated from the date when such property is actually listed and entered on the tax rolls for the year or years it has been omitted from assessment, and not from the date or dates when the taxes would have become due and delin-

quent. had the property been regularly assessed for the proper year or years.

(Syllabus by Wilson, C. ·

Error from District Court, Garvin County; R. McMillan, Judge. .

Action by the State, on the relation of W. H. Poffenberger, against W. H. Houser, County Treasurer of Garvin County. Judgment for plaintiff, and defendant brings error. Affirmed.

L. H. Hampton and R. E. Bowling, for plaintiff in error.

Albert Rennie, for defendant in error.

Opinion by WILSON, C. Relator owned land in Garvin county which had not been assessed for taxation for the year 1908. In the year 1914 said land was listed for taxation for the year 1908 through the efforts of a "tax ferret," and taxes levied against it in the sum of $33.20, which were tendered to the county treasurer, but were by him refused, unless the relator would pay in addition thereto a penalty at the rate of 18 per cent. per annum from the year 1908. the year said land should have been assessed.

The judgment of the trial court was that the treasurer should receive the said sum of $33.20 in payment of the taxes for the year 1908, together with interest thereon, if any, from the date the land was listed and assessed in 1914, and the only question for determination on this appeal is: Should the penalty have been charged from the day in the year 1914 when the land was actually listed and assessed, or should the penalty have been charged from the date in the year 1908, when, had the land been properly listed, and assessed for that year, the taxes would have become due and delinquent?

The judgment of the trial court was right. The rule governing the collection of a penalty for the nonpayment of taxes on property omitted from assessment and taxation. and afterwards listed and assesed pursuant to the provisions of the "tax ferret" law, is determined by reference to section 7451 of the Rev. Laws 1910, which reads as follows:

"All taxes levied under the provisions of this article, shall become payable immediately and shall be entered upon the tax roll. and shall bear interest and penalties at the same rate as provided by existing laws, and shall become a lien on the property of the person liable for the payment thereof in the same manner and to the same extent as in the case of taxes levied under existing laws."

It will be observed that the section referred to provides that the taxes so levied "shall become payable immediately and shall be

entered on the tax roll, and shall bear interest and penalties at the same rate as provided by existing laws."

The "existing laws" referred to were that part of section 7389. Rev. Laws 1910, which reads as follows:

"All delinquent taxes shall, as a penalty, bear interest at the rate of eighteen per cent. per annum."

Section 7451 provides that all taxes assessed pursuant to the "tax ferret" law "shall become payable immediately." It follows as an inevitable consequence that a tax cannot become delinquent until it is payable, and, if it does not become payable until it has been assessed and entered on the tax rolls, then, under the provisions of section 7389, the penalty attaches from the date of its assessment and entry on the rolls.

The date when the penalty should attach depends wholly on the interpretation of the statute authorizing it, and, when the language of the statute is susceptible of a clear and unmistakable interpretation, its interpretation should not be controlled, as urged by counsel for the appellant, by what ought to be the law or by a consideration of what would be fair between those who have listed their property for taxation at the times when it should have been listed and those whose property has escaped taxation for years and until the fact has been discovered, and it has been listed as property "omitted from assessment" and taxed as such. Such a rule of interpretation would be legislative in its effect.

We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.